IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLIED SYSTEMS, LTD. (L.P.),
        Plaintiff,

v.                                         Case No. 2:09-cv-14365−PDB−MAR
                                                Hon. Paul D Borman, U.S.D.J.

TEAMSTERS, CHAUFFEURS,
WAREHOUSEMEN & HELPERS
LOCAL UNION No. 299,
KEVIN D. MOORE, et al.,
        Defendants.

**OPPOSITION ON BEHALF OF
DEFENDANTS TEAMSTERS LOCAL UNION No. 299
AND KEVIN D. MOORE TO PLAINTIFF'S MOTION FOR
TEMPORARY RESTRAINING ORDER**

        Defendant Truck Drivers Local Union No. 299 (hereinafter "Teamsters Local 299"), a labor organization, and Defendant Kevin D. Moore, President and principal officer of Teamsters Local 299, opposed Plaintiff's November 6, 2009 Motion for Temporary Restraining Order and Preliminary Injunction on both procedural grounds and, as to the temporary restraining order request, because Plaintiff fails to merit such relief under the applicable law.

**Statement of the Case**

        On November 5, 2009, Plaintiff Allied Systems, Ltd. filed its Complaint seeking to enjoin labor dispute picketing conducted in Warren, Michigan by Defendant Teamsters Local Union No. 299.

1

On November 6, 2009, after consultation between counsel, Defendants filed a motion to dismiss the Complaint pursuant to Fed. R. Civ. P. Rule 12(b)(1)(lack of jurisdiction), and Rule 12(b)(6)(failure to state a claim) on the grounds that the Norris-LaGuardia Act, 29 U.S.C. § 101, bars federal courts from issuing injunctions against persons participating or interested in a labor dispute and that Plaintiff's Complaint does not allege facts which would bring it's claims within any exceptions to the jurisdictional requirements of the Norris-LaGuardia Act. See, Buffalo Forge Co. v. United Steelworkers of America, 428 U.S. 397, 409-10, 49 L. Ed. 2d 1022, 96 S. Ct. 3141 (1976)(A sympathy strike is not subject to court injunction where the strike is not over an arbitrable grievance, and, thus, not within the narrow Boys Markets exception to the Norris-LaGuardia Act); Allied Sys. Ltd. v. Teamsters Nat'l Auto. Transporters Indus. Negotiating Comm., Local Union 327, 179 F.3d 982, 989 (6th Cir. 1999) ("so long as the right to strike is interrelated with an ambiguity in a collective bargaining agreement, a federal court is without jurisdiction to issue a Boys Markets injunction").

On November 6, 2009, Plaintiff filed its Motion for temporary relief and preliminary injunction, and after phone conference with the Court, a hearing on Plaintiff's motion was set for November 9, 2009.

**Defendants request proper Notice and Opportunity to respond to the Preliminary Injunction Motion under the Civil Rules and the procedures of the Norris-LaGuardia Act.**

Rule 65 of the Federal Rules of Civil Procedure require appropriate notice for a hearing on a motion for preliminary injunctive relief, as does 29 USC § 107 of the Norris-LaGuardia Act, itself.  Defendants' submit that no hearing on Plaintiff's Motion for Preliminary Injunctive relief should be conducted without at least ten days notice and the opportunity to

prepare and respond so that the Court may have the benefit of a full preliminary record to support any findings of fact and conclusions of law.

**Plaintiff Allied Systems, Ltd. is not entitled to a temporary restraining order.**

The Sixth Circuit has held that a court must consider four factors when deciding whether to issue a temporary restraining order (TRO) or preliminary injunction: (1) whether the party has demonstrated a strong likelihood of success on the merits; (2) whether the movant has demonstrated irreparable injury; (3) whether issuance of the injunction will cause substantial harm to others; and (4) whether the public interest is served by the issuance of an injunction. Teamsters Local Union 299 v. U.S. Truck Co. Holdings, 87 F. Supp. 2d 726, 733 n.2 (E.D. Mich. 2000) (citations omitted). These considerations are merely factors to be balanced, "not prerequisites that must be met." Id. (citations omitted). However, a finding that there is no likelihood of success on the merits is usually fatal. Gonzales v. National Bd. Of Medical Examiners, 225 F.3d 620, 625 (6th Cir. 2000); Karhani v. Meijer, 270 F. Supp. 2d 926, 929-930 (E.D. Mich. 2003).

Because the Defendants raise the jurisdictional objection to Plaintiff's complaint for injunctive relief, and the allegations of the Complaint show that Plaintiff is barred from relief under the Norris-LaGuardia Act, Plaintiff cannot show likelihood of success on the merits. Allied Sys. Ltd. v. Teamsters Nat'l Auto. Transporters Indus. Negotiating Comm., Local Union 327, 179 F.3d 982, 986 (6th Cir. 1999).  Courts should review Rule 12(b)(1) challenges before others. Gould, Inc. v. Pechiney Ugine Kuhlmann, 853 F.2d 445, 450 (6th Cir. 1988).

Allied fails to even allege any harm that it will suffer, if a TRO and PI do not issue, that will not be reparable with an award of monetary damages.  See, Overstreet v. Lexington-

Fayette Urban Cty. Gov't, 305 F.3d 566, 578 (6th Cir. 2002) ("A plaintiff's harm from the denial of a preliminary injunction is irreparable if it is not fully compensable by monetary damages").  Even a company's substantial loss of market share or complete dissolution or bankruptcy does not constitute irreparable harm for this purpose, because it too can be compensated by money damages later. See Southern Milk Sales, Inc. v. Martin, 924 F.2d 98 (6th Cir. 1991).

In light of Allied's weak to non-existent showing on the first factor (likelihood of success on the merits) and the second factor (irreparable harm absent a preliminary injunction) -- either of which alone justifies denial of the preliminary injunction -the court need not consider the third and fourth factors (harm to others if the preliminary injunction issues, and the public interest). See Edwards v. Burnett, 2006 U.S. Dist. LEXIS 46895, 2006 WL 1983236, *2 (E.D. Mich. July 12, 2006) (Paul Borman, J.) ("Given the impossibility of Plaintiff's success on the merits, and the lack of showing of irreparable harm, it is not necessary to discuss the other two factors -- substantial harm to others and the public interest.").

However, the public interest in this matter militates against injunctive relief.  The Sixth Circuit has recognized that the "anti-injunction provisions of the Norris-LaGuardia Act were intended to protect workers in the exercise of organized economic power." Allied Sys. Ltd. v. Teamsters Nat'l Auto. Transporters Indus. Negotiating Comm., Local Union 327, 179 F.3d at 986.  The harm to the Local Union's interests in advancing its primary labor dispute and protected concerted activity, is outweighed by any alleged harm to Allied in this matter.

**CONCLUSION**

For the foregoing reasons and authority, and the arguments submitted with Defendants' motion to dismiss, Defendants Local Union No. 299 and Kevin D. Moore pray that Plaintiff's motion for temporary relief be denied.

                                              TRUCK DRIVERS LOCAL UNION NO. 299,
                                              And KEVIN D. MOORE, Defendants,
                                              By Counsel:

                                              James F. Wallington
                                              BAPTISTE & WILDER, P.C.
                                              1150 Connecticut Avenue, N.W., Suite 500
                                              Washington, DC 20036
                                              Telephone: (202) 223-0723
                                              Fax: (202) 223-9677
                                              Email: jwallington@bapwild.com

                                              And

                                              */s/ Matthew Broderick*
                                              Matthew Broderick (P47403)
                                              30685 Barrington, Suite 130
                                              Madison Heights, MI 48071
                                              Telephone: 248-588-2297
                                              Fax: 248-588-6075
                                              Email: staff@jaffelaw.net

                                              Co-Counsel for Defendant
                                              Truck Drivers Local Union No. 299, IBT

**Certificate of Service**

I hereby certify that on this 9th day of November, 2009, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Counsel for Plaintiff Janet E. Lanyon and Kenneth W. Zatkoff, Dean & Fulkerson, P.C., 801 W. Big Beaver Rd., Ste. 500, Troy, MI 48084.

                                              */s/ Matthew Broderick*